On to this case in the docket, 2-14-1243, CitiMortgage, Inc., Plaintiff, Appellee, v. A&J Parkview Partnership, LLC, Mark Stavsky, and unknown owners and non-recorded claimants, Defendants' Appellants. Arguing on behalf of the Defendants' Appellants, Attorney, Mr. Carlo Chereves. Arguing on behalf of the Plaintiffs' Appellees, Attorney, Mr. Ira T. Meadow. Thank you. Ms. Chereves? Good morning, Justices, Opposing Counsel. Good morning. May it please the Court, Carlo Chereves on behalf of the Defendants' Appellants, A&J Parkview Partnerships. The main issue before the Court this morning is whether the Defendant Appellant, A&J Parkview, was properly served in the underlying foreclosure case in order for the Circuit Court to have properly acquired jurisdiction over the Defendant. However, before I address the main issue, I believe the Plaintiff had raised an argument in the Circuit Court, which he did not raise in this response brief, but I will address it briefly here, and that was whether the Defendant properly served the Plaintiff with the 214.01 petition. The main rule is that the petition must be served on the Plaintiff. However, the exception to the formal service requirement is if the attorney to whom the section 214.01 petition was mailed is still actively representing the party in ancillary matters before the Court, in the same case, such as post-judgment collection proceedings, and cases in support of that are 1 West Bank v. Tapor, Welfels v. Schultz. While it was not apparent from the record in this case, but the Plaintiff's attorney from the foreclosure case was Halseman, Rappin, and Altwang, L, Ltd. And the Court may take judicial notice of the fact that the Plaintiff's attorney did file the forcibly entry and detainer action for the same property against the tenants that were residing in the property. So, therefore, the petition was properly served on the Plaintiff's attorney because the exception did apply in this case. Okay, going back to the main issue, the defendant, Angel, was a limited liability company. And the applicable statute for service of process on a limited liability company is the Illinois Limited Liability Company Act. And I must also point out and acknowledge that the defendant did cite the wrong statute in the motion to quash. And in its brief and appeal, cited 2204, the applicable statute was actually 805, just one moment, here, 805 ILCS 180-1-50. And the fact that the defendant cited the wrong statute I don't think is fatal to our position because our Supreme Court held in Wallace v. Smith that a party citation to the wrong section of the code was not fatal to the party's motion. So, therefore, I believe that even though the defendant cited to the wrong statute, that it did not prejudice the Plaintiff because the Plaintiff was aware that the defendant was an LLC. And the defendant's argument all along was that the registered agent of the company was not served. The statute provides that any process, notice, or demand required or permitted by law to be served upon either a limited liability company or foreign limited liability company shall be served either upon the registered agent appointed by the limited liability company or upon the Secretary of State. So the statute is clear. There is no ambiguity in the statute. The company can either be served in one of two ways. Service can either be had upon the registered agent from the company or upon the Secretary of State. And I think the court's primary objective in concerning the statute is to ascertain and give effect to the intent of the legislature. And as previously stated, the best indication of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with a clearly expressed legislative intent. In this case, the registered agent for the company was Craig Westfall. The plaintiff was aware that he was a registered agent because the affidavit of service named him as the agent. The process server went to the address. However, instead of serving the registered agent or assuming maybe he was not at the address on that date, he proceeded to serve someone else who was not the registered agent and obviously who was not the Secretary of State. So the process server, if he was unable to serve the registered agent, the only alternative would have been to serve the Secretary of State. And we all know that the Secretary of State can easily be found. So if the registered agent was not available for service of process, he could have served the Secretary of State. It is our position that the circuit court erred when it denied or petitioned to quash on the basis that the defendant failed to provide sufficient evidence to prove that he was not properly served. However, the plaintiff in the circuit court raised the argument that the affidavit from the person who was served, which was presented in the defendant's reply, was too late. And so the circuit court ruled that the affidavit was not properly before the court, so the defendant had failed to provide sufficient evidence. However, our position is the affidavit was basically irrelevant. The defendant did not need the affidavit to prove that he was improperly served. The printout from the Secretary of State's website and the court may take judicial notice of public records and the printout from the Secretary of State's website was a public record which the court could have taken judicial notice of. Gooding v. Morgan, Peeble v. Garrett are cases that support that proposition. And so, therefore, when the defendant presented the printout from the Secretary of State's website showing that the registered agent for the company was Craig Westfall, who was also named on the affidavit of service, and that person was not the person who was served, the defendant had proven beyond a reasonable by clear evidence that it was not properly served. So, therefore, the court clearly heard when he found that the affidavit, because it was presented in defendant's reply, because of that, the defendant had not proven that it was not properly served. As pointed out, no further evidence was needed because the Secretary of State's website clearly showed that the registered agent for service was Craig Westfall. He was not the person who was served. The affidavit by Donna Paquette doesn't say that she wasn't an agent of Mr. Westfall. Your Honor, and my point is, even if she was his agent, that would have been service of an agent of an agent. The company designated Craig Westfall as the registered agent. The limited liability company, these are creatures of statute, which you have to abide by the statute. Your Honor, strict compliance. Yes, Your Honor, exactly. She was not the registered agent, neither was she the Secretary of State. Therefore, service on anyone else would have been improper. Well, if that's your argument, then it would seem that they would never be able to serve a corporation, because if they serve a corporation and a corporation doesn't exist except through its agents, and you can't serve an agent, according to your argument, of the registered agent, then service can't be effective. No, Your Honor, they can serve the Secretary of State, and the Secretary of State can always be found, and that would be proper. So if you cannot find the registered agent, then your next alternative is to serve the Secretary of State. The problem with your argument seems, at least in my mind, is you literally nullify half the statute by, at least with corporations, putting it in a situation where corporations can't be served. But, Your Honor, here, again, in this case, there was only one attempt to serve the registered agent. They went to the address once. But does this matter? Isn't the issue either he was served or he wasn't? Right, but I'm saying – There was one attempt or 20? Right, right, exactly, Your Honor. But I'm saying, because Justice McLaurin was saying then you basically would not be able to serve the company if you're not able to find the registered agent, and I'm saying in this particular case, there was only one attempt to serve the registered agent. He did not, I mean, make any other follow-up attempts. He went there that one day, the registered agent, I assume, I don't know for certain, was not available, and then he proceeded to serve someone else. But, again, Your Honor, these are all how the statutes are worded, and once the statute is unambiguous, that's how we are bound to interpret it as written. It says you either serve the registered agent or the Secretary of State. Now, it's up to the legislator if that is a problem for them to rewrite the statute, but as it is, that is how it is. You either serve the agent or the Secretary of State. And our standard of review is? Is then over, Your Honor. There was no evidentiary hearing. It was just based on the pleadings. Do you know who Craig Westfall is? I do not, personally. I do not. Based on the Affidavit of Service, it says, like, attorney. I believe he may have been an attorney. No, he's a licensed attorney in the state of Illinois. Okay, yeah, you did say it on the Affidavit of Service. I believe he has clients, and as an attorney, I don't know that he'd ever argue if his secretary was given papers on behalf of one of his clients that he was not served because his secretary wasn't his agent for purposes of service on either him or his client through him. So, you're going to have to convince me that there is a distinction between service of process on an attorney as a registered agent as opposed to service of process on an attorney who accepts service in those situations similar to this. Okay, and again, Your Honor, even though I want to differentiate between a corporation and a limited liability company, which is what the defendant is, however, in cases involving service on a corporation where the Affidavit of Service states that an agent was served, in those cases, there are a number of cases from the appellate court. There is Allen Terrace Apartments v. Keystone Services, Slays v. International House of Pancakes, Knapp v. Willow, and I believe it's the one that's closest to the facts that you just pointed out, Your Honor. And I believe in that case, the agent for service was, I believe it was a doctor, and they served the secretary, and that case found, the holding in that case was that service on a paralegal, well, I'm assuming it must have been a lawyer, service on a paralegal who worked for a corporate defendant's registered agent did not constitute proper service on the corporation since the paralegal was not designated as an agent to receive process. So there are cases out there, Your Honor, where the process server has served a secretary, an employee of the registered agent, and those cases have held that service was improper because those persons were not the registered agents for service of process. So I believe there are a number of case law that would support our position that you need to serve, actually serve the registered agent. I think you've said more words than we're going to agree. I believe I may have, Your Honor. Were there any further questions? Okay, well, if there are no further questions, I believe that based on all the points that I've argued here today, we would ask that the appellate court either reverse the decision of the circuit court or reverse and remand for further proceedings. Thank you. Pardon me, Your Honor? You will have an opportunity to make the vote. Okay, thanks, Your Honor. Or reply. Okay, thank you. Or get up and thank us for listening to this oral argument. Okay, thank you. Mr. Neville, or is it Neville? Neville. Neville. Good morning. Justices, counsel, may it please the court. At first blush, this may seem to be a garden-variety mortgage foreclosure action, which, frankly, indeed it was. We did not handle it. My firm did not handle it, although we do handle many of them. I'm very familiar with the process and procedures. And what comes to mind is something that Justice Frankfurter said. We don't check our common sense at the door. And you may note that the foreclosure order confirming sale was in 2010, yet their motion to quash wasn't brought until 2014. It's a logical question. Where has this case been for four years? And the answer is it's been trying to evict the tenants in the property, which was being ---- Isn't that beyond our purview right now? It gives you some flavor for ---- But a void judgment can be attacked at any time. I don't disagree with that. It doesn't matter what happened with the tenants. I don't disagree with that. But that's where this case has been for four years. Typically, it's very unusual for a defendant that has a vested interest in a property to come in four years later. Given the precedents, would that fact give us the leeway to avoid strict compliance here? No, but I think if we keep our eye on the donut instead of the hole, the answer is all of the proceedings in this case were designed to drag it out so that the property can be rented out. And ANJ, who is affiliated with Leskowski, the defendant mortgagor, who I have a great deal of experience with, which is to keep the rents coming. That's what this case is about. Counsel, respectfully, this case is about whether or not there was proper service. I appreciate the context. Frankly, I heard those kinds of cases on the trial bench. But the point here is was there service, yes or no? Yes, there was. How was there service? Judge, if I may, the standard of review here at first blush might seem to be the motion itself was insufficient as a matter of law, and therefore it's a de novo standard of review. But I would suggest that upon review that it is an abuse of discretion standard. Why do I say that? The ruling here was to strike, in effect, the affidavit attached to the reply brief. That's an evidentiary rule. Evidentiary rulings are always determined on an abuse of discretion standard. Questions of jurisdiction are always reviewed de novo. Except that in this case here, the decision in the order that's being appealed from was the striking of the affidavit attached to the reply brief, which is not a motion. Now, could the fact of the matter is that the fact that there was not an affidavit attached to the motion to quash was raised in our response. And the response was, instead of filing a motion to amend the motion to quash and attach the affidavit, which would then give us an opportunity to respond to it, to do a deposition of the secretary of Mr. Westfall, who I also know well. Was there a dispute as to whether or not she was a registered agent? Well, it's a dispute whether she was authorized by the corporation. She was certainly, and I think that Justice McClaren hit it on the head when he said, it isn't a question of whether she's necessarily an agent of the corporation, but whether she's an authorized agent for Mr. Westfall, who didn't come in and testify. What does it say in the statute that that's sufficient? The question is, it's not that it says it's that sufficient. It doesn't say that, admittedly. So do we assume that it's broader than it's written or more narrow? No, I suggest that the affidavit was going to address that, which would have been subject to contest. We weren't given the opportunity because the affidavit wasn't attached. Now, frankly speaking, if you, if you, they're claiming the technicality is you can't serve an agent of the agent. But then on the other hand, the technicality is, is you have to have an evidentiary affidavit attached to the motion to quash, which they didn't. They tried to squeeze it in through a reply, which the cases that we've cited, particularly the Michigan Avenue case, says that a reply brief is not a motion and you can't raise new evidence within it. The point being is that we wouldn't have had a chance to respond to it. It was going to hearing. The reply brief would have the affidavit attached. And frankly speaking, the court was correct. It struck the affidavit, which is a, it has the discretion to do. The, the, the other cases, there are cases out there that talk about specifically that striking of an affidavit is a matter for the discretion of the court. It's an evidentiary ruling. That's the abuse of discretion standard, not the NOVO standard. So obviously this court is more well aware than I am that under the abuse of discretion standard, it won't be disturbed in, in absent of abuse where nobody could agree. But the fact of the matter is, is that their, their motion itself didn't have the affidavit. We didn't have a chance to respond to it. We pointed that out that it was no affidavit, no evidentiary facts attached. And yet they, instead of coming in to, to, to, to withdraw the motion and say we're going to file a new one or asking for leave to amend it so that we would have a proper opportunity to do discovery. Maybe it turns out that, that Mr. Westfall's secretary or, or was an agent of the corporation. But the fact of the matter is we weren't given the opportunity and the court had the discretion, which it, which it did, in striking the affidavit and not considering it.  And your point is that without the affidavit, the motion was properly denied. There were no evidentiary facts supporting it. Yes, it was properly denied. There was no evidentiary fact that on the face of the service return, the spelling of Westfall is different than the spelling of, of Pickett. I, I, I can't argue that the spelling may have been an error on the return of service. But the fact. We both know that Mr. Westfall's not a woman either. True. My point being that on the face of the service return, it indicates that Mr. Westfall was served by serving some other person. Did you file an affidavit from that person saying that she was the authorized agent of Mr. Westfall? No, I did not handle the case. I did not file it. Well, why would, why would they have to file something that was nothing more than corroboration of the fact that Mr. Westfall and Ms. Pickett weren't the same individuals? The, the question then would be is was she authorized to accept service on behalf of the corporation? But isn't there something that the proponent of the service would have to do once there's a prima facie showing that there, the service wasn't actually made on the agent, the registered agent? Well, certainly Mr. Westfall knows how to come in on a motion to quash and contest that issue and, and that he didn't speak volumes. Typically, if, unless there's a reason to, he wouldn't come in. But the fact of the matter, if there's a, a, a scrivener's error on the, the return of service, I don't know that it's a material. Well, that's a pretty substantial scrivener's error. I mean, there's only two genders and they got it wrong. I don't disagree with that. It, it, perhaps he was saying that I served Mr. Westfall through her meeting. Where's the authority to do that? Well, I mean, if we stop at the return of service, where is the authority to serve this young woman or old woman, whatever? She is not the registered agent. She is not the secretary of state. Why do we go beyond that if that's what the return says? I, I think that clearly on its face that, that the, the service was on Mr. Westfall through this lady. That's your position? Yes. I, I, okay. More to Judge McLaren's point, it's the trial court's obligation in the first instance to make sure that it has jurisdiction before proceeding in foreclosure action, before allowing plaintiffs to proceed, correct? Correct. And the trial court was, according to even your own argument, in error here by allowing the foreclosure to go forward without first making sure that it had jurisdiction. Well, I, I think the discrimination here doesn't necessarily void a return of service. Well, it should raise a question with the trial court as to whether or not there's been proper service. It may have been addressed at, at hearing. And we don't, we don't know. I don't know what the court passed on. The point is we don't know from this record that the trial court even inquired. Well, but the, but the court clearly passed on it and said that service was, was proper. That Mr. Westfall was served on behalf of the defendant A&J, the successor to the mortgagor. But the fact of the matter is, is that, that I don't disagree that there was a scrivener's error on there, but scrivener's error I don't think voids it. We haven't propounded that it was a scrivener's error. So if you're disagreeing with anybody or you don't disagree with anybody, you wouldn't be disagreeing with yourself if you're the only one that's probably a scrivener's error. The, the error is the error is the error. It is what it is. I can't, I can't argue with you. I didn't handle it and maybe I would have handled it differently. But the fact of the matter is, is that the trial court looked at it. Notices were sent. Mr. Westfall certainly is an experienced attorney, knew what to do if he wanted to come in and contest it. Instead of, in this case, A&J keeping this in their back pocket and coming in four years later. Where is Mr. Westfall's obligation? I'm sorry? Where is Mr. Westfall's obligation to respond to anything if he's not properly served? Well, the fact in this case here is, is that there was a judgment of foreclosure entered against the, the A&J. Respectfully from his position, without jurisdiction. I, I think you do that at your own risk. That the court will say, yes, there was an error in the return, but that's not a material error. It is what it is. And, and, and the court passed on it. The court considered it. You can't say that they didn't consider it because obviously the judgment of foreclosure was entered. And in doing so, they had to look at the returns. And the court was satisfied that, that, that he was properly served. Given, notwithstanding that the, that there may have been an error in the return. Then he did so at his own risk. And he waived it, perhaps even suggest he may have waived his right to come in if he just ignored it and said, well, maybe service was good, maybe it wasn't. And in this case, the court found that it was good. What's the purpose of, of the statute requiring service on a registered agent or the Secretary of State? Well, obviously to effect proper service to get jurisdiction before the court, clearly. And to make sure that there's proper notice? And notice, proper notice from the get-go, yes. And if that's the case, where is our authority, given that legislative intent, to broaden the statute to say that just anyone who works in the office of the registered agent is going to forward on notice? Maybe she got fired the next day. Maybe she did. But the fact is the focus of this case is the affidavit that wasn't considered on the motion to quash because the motion itself was insufficient to raise this issue. What about counsel's point that the trial court can't take judicial notice of the Secretary of State and the records kept by the Secretary of State? And just a preliminary look would establish that there was not proper service here. In that, well, it was served on Mr. Westphal, who was the registered agent for this LLC. But the service was on Ms. Paquette. It was on an agent of Mr. Westphal at Mr. Westphal's office. Admittedly, I understand what you're saying, but I don't know. You need to come in and contest that. The trial court found that the motion to quash needed to raise whether she was an agent of the corporation or not. Maybe she was. But she wasn't the registered agent. She wasn't. She worked for the registered agent, admittedly. I agree. Go ahead. Sorry. Her affidavit doesn't say that she is or she isn't the agent of Mr. Westphal in any capacity. I agree. There may be an inference that someone who is sitting in a police area or an area that consists of the confines of a law office, but I think that there needs to be a little bit more to establish that somebody who may be a receptionist, may be Mike Nigro's secretary, may be Mr. Westphal's secretary or one of the associates. To my knowledge, I don't know who this woman is, and I don't know what capacity she accepted this paper as. And I don't think this record establishes affirmatively what her relationship was, other than the fact that she was in a law office that supposedly Mr. Westphal practiced out of. And you make my point. My point being is that had we been provided with the affidavit and the motion to quash, we could have conducted discovery and found out. Maybe Mr. Westphal was standing right there. Maybe he wasn't. But we weren't given the opportunity because the affidavit wasn't attached. There was no evidence to support what her relationship was, and we weren't given the opportunity. We were surprised because the reply, which the case says you can't attach new evidence to the reply brief, and we all know that the reply brief is to respond to the response, is a reply to the response, and you can't raise new matters. So instead, when we point out that their motion was defective, rather than amend their motion, where we would have had a chance to conduct some discovery, perhaps due to a deposition of Mr. Westphal, maybe he'll say, I was standing right there. Maybe he didn't, but we weren't given the opportunity, and the court, exercising its discretion, struck the affidavit for that reason. That's what's before the court. It isn't a question of whether the affidavit of service was erroneous or not erroneous. The issue before the court, which is the final order in the case, which said that the court will consider it because it was attached to the reply brief and not the motion. Are you suggesting that if we were to affirm the abuse of discretion and say it was proper to strike the affidavit, that we would then remand for filing of a new motion? No, I would suggest that that ends the case. This case, like I said, keeping our eye on the doughnut is about keeping it going so that they can milk it for rents. I understand that that's not germane necessarily, but in the vast... I recently wrote a special concurrence in a case just like this, where the case was pulled along for collection of rents and ultimately there was no strict compliance. Strict compliance is a two-edged sword. Madam Mayor, it's right. I think you make a very good point. Unfortunately, we look at the record. It's a two-edged sword, Your Honor. They had to attach it to the motion to quash. They didn't do so. Therefore, the motion was not proper. And the evidentiary ruling by the trial court judge to strike the affidavit was proper. That's what's before your honor. The return of the service shows that Ms. Poquette, not Mr. Westphal, was served. It says Mr. Westphal was served through her. The return of sexual service says Ms. Poquette, correct? The return of service says Mr. Westphal was served on her. Right. Not by or through her. Through her. Right. Exactly. I guess my question still, it just boils down to, how does service on her, sua sponte, become service on the registered agent? You may be right. If she's an authorized agent for the corporation, which their brief points out. Again, it's judicial notice of the records of the Secretary of State. She's not listed. I understand that. But if she's authorized by the corporation to be served, discovery would have shown that. We weren't given the opportunity to conduct that, to explore that, to show, yes, she was authorized by the corporation, by the LLC, I should say, to accept service on their behalf as well. Because the statute does say, Your Honor. Hold on. Even if she was, let's assume for the sake of argument she was, that still has to be communicated to the Secretary of State, does it not? No. The statute says that any authorized agent of the corporation can be served. And if she's an authorized agent of the corporation, she can be served, whether Mr. Westphal is served or not served, or whether she's a secretary or not secretary. If she is an agent of the corporation, which the statute says. But she wasn't served as an agent of the corporation. You just said that she was served as an agent of Mr. Westphal. She could also be an agent of the corporation. She could have been, but she also could be Joe Biden in drag. I mean, you know. My point, we weren't given the opportunity to look at it because they didn't attach the affidavit except to the reply brief, which was basically not giving us an opportunity to respond. And what they should have done is said, I want to amend my motion and attach the affidavit. Then we say, is she an agent of the corporation? Under the act, she can be served in her own capacity if she's an agent of the LLC. And if she is, at least we're not taken by surprise, or at least we have a chance to respond. Technicality. Their technicality, oh, the return is wrong because it was served improperly in spelling and like that. The technicality, which I'm not minimizing, is important. But in the same stroke, the other edge of the sword is that the technicality is you attach the affidavit to your motion to quash. And then it's considered. The fact of the matter in what is before your honors, and I understand you can look at whatever you want, but the fact of the matter is that the appeal is on the striking of the affidavit, which is an evidentiary ruling by the judge. And that evidentiary ruling, it is heard abuse of discretion. And the fact that the motion was without an affidavit in and of itself makes it insufficient as a matter of law. That might be the de novo standard, whether the motion was insufficient. But the decision to strike it, the final order saying we didn't look at the affidavit in effect means it was stricken. That's that's abuse of discretion. Thank you. Thank you. Ms. Sharif. Your honors, a few points on rebuttal. Plaintiff's counsel basically came up with some new arguments today talking about the affidavit of servants being scriveners, error, and so forth. And the standard of review should now be abuse of discretion, even though it argued in its response brief that it's a de novo review. All these new arguments about the description of the person served, we all know that he was not served. The process server is a person who conducted the service, not the plaintiff's attorney. He was not there. And the process server placed on the affidavit of service the description for the person he served. So plaintiff's attorney is in no position to stand here to tell you who the process server served. And he also stated that Mr. Westfall could have designated the Ms. Paquette as the agent. Mr. Westfall cannot choose the registered agent for the company. The registered agent is appointed, is chosen by the limited liability company, not by the registered agent. And he also spoke about them being surprised by the affidavit being attached to a reply in the circuit court. The plaintiff could have asked to file a service bond. The courts usually do this below. They allow you to file service bonds or reply briefs. If he thought there was need for an evidentiary hearing or if he wanted to conduct depositions, they could have done all of this in the circuit court. He was not precluded from doing this. So for him not to state all these things, which he could have asked for below. And, again, our point – Wait a second. Why would he ask for more? If the affidavit was stricken and then the motion is denied, why would he want to open that up again? Again, Your Honor, our position is the affidavit that we provided in our reply. It was not attached to the motion. It was not attached to the motion. And I think they did it because the plaintiff had argued in their response that we did not provide sufficient evidence. So I think the defendant might have filed for that and then went and got this affidavit, which was irrelevant from the person who was served to say I was not authorized for service and so forth. And so if they needed time to respond to that, they could have asked to respond. Again, she was not the registered agent and she was not the Secretary of State, so service on her was improper. And in terms of the trial court deciding whether or not there was proper service on the defendant to begin with in the underlying foreclosure case, the fact that the affidavit of service listed the registered agent and then the person served was someone other than the registered agent, I believe that in and of itself is well settled. So the majority of courts have held that the burden of proof on the presence or absence of agency is on the plaintiff. So it was the plaintiff's responsibility to know if there was an issue with whether or not the person served was the right agent. It was their burden to have proven that. And the cases in support of that are Slates v. International House of Pancakes, Harris v. American Legion, John T. Shelton, post number 838. So once again, Your Honor, I believe that service was improper. The defendant was not properly served. And we ask that you reverse the decision of the circuit court. Thank you. Thank you. We'll take the case under advisement. There will be a short recess.